**NATIONAL LABOR RELATIONS BOARD
v. BILES–COLEMAN LUMBER CO.**

No. 8764.

Circuit Court of Appeals, Ninth Circuit.
April 26, 1938.

Weter, Roberts & Shefelman and F. M. Roberts, all of Seattle, Wash., for Biles-Coleman Lumber Co.

Charles Fahy, Gen. Counsel, National Labor Relations Board, of Washington, D. C., and John T. McTernan, Regional Atty., N. L. R., of San Francisco, Cal., for National Labor Relations Board.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

The National Labor Relations Board has pending here its petition for the enforcement of its order against respondent which, inter alios, requires respondent to reinstate certain of its employees and to bargain collectively with the employees' Carpenters' Union No. 2570.

Respondent's motion addresses the power of the court to require the taking of further evidence by the Board, which section 10 (e) of the National Labor Relations Act, 29 U.S.C.A. § 160 (e), requires the respondent "shall show to the satisfaction of the court that such additional evidence is material."

This motion alleges that since "the entry of the Order by the National Labor Relations Board, a large portion of the employees which the Board ordered reinstated have refused employment, and it is now proper and necessary to take additional testimony that this Court may have before it evidence showing this changed situation. Testimony should be taken and made part of the record herein showing the number of employees included within the Order of the Board who have applied for reinstatement, showing how many were offered reinstatement, and how many have refused reinstatement and reemployment. This evidence should include a showing of how many union members are now employed by respondent, and the fact of representation or non-representation by the union of the majority of the employees in the appropriate unit."

Assuming that as to some of the ordered reinstatements, the question has become moot since the order was made, this is a question of enforcement and not of the validity of the order. We are required to make our order in accord with the Board's unless, on the hearing, it be shown that the evidence on which the order was based

does not warrant it. The additional evidence requested here is of matters subsequent to the order sought to be sanctioned by our action, and we hold it not to be "material" within the meaning of section 10 (e) of the act. National Labor Relations Board v. Pennsylvania Greyhound Lines, 58 S.Ct. 571, 576, 82 L.Ed. ——; National Labor Relations Board v. Oregon Worsted Co., 9 Cir., 96 F.2d 193, decided April 11, 1938.

The 'same reasoning applies to the company's claim that since the Board's order was made, the Carpenters' Union No. 2570 may have ceased to be the bargaining agent of a majority of the employees. This is not the extraordinary case in which there is what practically amounts to judicial notice that the union had been dissolved and a new union now represents a majority of the men, and hence we are not required to consider our power in the light of such a situation. We are entitled to presume that the union recognized by the Board has continued to be such a bargaining agency during the period between the date of the Board's order and that of the motion, "otherwise the act will not be workable." National Labor Relations Board v. Remington Rand, Inc., 2 Cir., 94 F.2d 862, 869, 870.

Motion denied.