## NATIONAL LABOR RELATIONS BOARD
### v. SWIFT & CO.
#### No. 12202.

Circuit Court of Appeals, Eighth Circuit.
July 10, 1942.

Colonel C. Sawyer, Atty., National Labor Relations Board, of Washington, D. C. (Robert B. Watts, Gen. Counsel, Ernest A. Gross, Associate Gen. Counsel, Gerhard P. Van Arkel, Asst. Gen. Counsel, Louis Libbin and Robert N. Cook, Attys., National Labor Relations Board, all of Washington, D. C., on the brief), for petitioner.

William N. Strack, of Chicago, Ill., for respondent.

Before SANBORN, THOMAS, and RIDDICK, Circuit Judges.

THOMAS, Circuit Judge.

Pursuant to the usual proceedings under the National Labor Relations Act, 49 Stat. 449, 29 U.S.C.A. § 151 et seq., the National Labor Relations Board on March 25, 1941, issued its findings of fact, conclusions of law and order (30 N.L.R.B. No. 86) directed to the respondent Swift and Company, affecting operations at its Dairy and Poultry Plant in Springfield, Missouri. The

Board seeks a decree enforcing so much of the order as relates to the labor relations referred to below and requiring Swift and Company, its officers, agents, successors, and assigns to comply therewith.

So far as material to this controversy the order, based upon appropriate findings, directs Swift and Company: 1. To cease and desist from (a) in any manner dominating, etc., an independent organization of its employees, (b) discouraging membership in the Amalgamated Meat Cutters and Butcher Workmen of North America, Local 172, affiliated with the American Federation of Labor, herein called Amalgamated, and (c) in any other manner interfering with its employees in the exercise of their rights under § 7 of the Act; and 2. Affirmatively, (a) offer Rosemary Rogers immediate employment and (b) make her whole for loss of pay; (c) offer Elnora Tippitt immediate reinstatement and (d) make her whole for loss of pay; (e) disestablish the independent, and (f) post appropriate notices.

Swift and Company resists enforcement only of paragraphs 1(c), 2(a), (b), (c), and (d) of the order.

Enforcement of the affirmative provisions of the order is resisted on the grounds (1) that the findings of fact upon which the order is based are not supported by the evidence; and (2) that if discrimination occurred as found, it was the act of Black, a minor supervisor, who had no authority to represent the respondent.

That part of the order relating to Rosemary Rogers is based upon the finding that the respondent refused to employ her because she failed and refused to join the Independent, thereby discriminating against her in regard to the terms and conditions of her employment and her hire and tenure of employment, and encouraging membership in the Independent and discouraging membership in the Amalgamated; and that by such discrimination the respondent interfered with, restrained, and coerced its employees in the exercise of the rights guaranteed under § 7 of the Act.

■ The circumstantial facts found by the Board support the foregoing finding. In brief, Rosemary Rogers began to work for respondent in July, 1938, and worked intermittently until March, 1939, when she quit. Her work was substantially all in the picking department under Sam Black, the supervisor of that department.

On May 4, 1939, Evans, the general foreman of the plant, gave Black the names of three or four girls, including that of ·Rogers, and told him to offer them employment in the picking department. That evening Black offered Rogers employment at her former job on condition that she join the Independent, giving her until the next morning to decide. The next morning she went to the office and told Black that she did not wish to join the Independent, whereupon Black replied that "he could not use [her] unless [she] joined the company union."

■ The evidence to support these findings of fact is in conflict, but the testimony in support of them is substantial. The finding of the Board, therefore, that the respondent's motive for refusing to employ Rogers was to discourage membership in a labor union is binding upon the court. National Labor Relations Board v. Nevada Consolidated Copper Corporation, 62 S. Ct. 960, 86 L.Ed. ——; National Labor Relations Board v. Bradley Lumber Company, 8 Cir., 128 F.2d 768; Phelps Dodge Corp. v. National Labor Relations Board, 313 U.S. 177, 61 S.Ct. 845, 85 L.Ed. 1271, 133 A.L.R. 1217.

It is insisted that respondent is not responsible for Black's conduct in imposing a discriminatory condition upon the offer of employment to Rogers; that he was without power to hire and fire in general, and that in this particular instance his specific authority did not confer the power to make the offer to Rogers on condition. The Board found that Black was customarily invested with the duty of conveying the respondent's orders to employees regarding employment and that having committed that duty to him the respondent is liable for his acts. The Board found further that Evans, the general foreman, affirmed the transaction by failing to repudiate it when he learned of Black's conduct only a few minutes afterwards. On direct examination, after fixing the time and place of the conversation, Evans was asked: "Did anyone report to you that Rosemary Rogers had been told by Sam Black that she would have to join the Independent Union or she could not work at the plant? A. Lela Smith. Q. Lela Smith told you that? A. Yes, sir."

Under these circumstances the finding of the Board in respect of the responsibility of respondent for the discriminatory conduct of Black is sustained by the evidence

and approved by the authorities. International A. of M. v. National Labor Relations Board, 311 U.S. 72, 80, 61 S.Ct. 83, 85 L.Ed. 50; H. J. Heinz Co. v. National Labor Relations Board, 311 U.S. 514, 61 S.Ct. 320, 85 L.Ed. 309; National Labor Relations Board v. Link-Belt Co., 311 U.S. 584, 599, 61 S.Ct. 358, 85 L.Ed. 368; National Labor Relations Board v. Mathieson A. Works, 4 Cir., 114 F.2d 796, 803; Wilson & Co. v. National Labor Relations Board, 8 Cir., 123 F.2d 411, 415; National Labor Relations Board v. Christian Board of Publication, 8 Cir., 113 F.2d 678, 682.

The order to reinstate and make whole Elnora Tippitt must be sustained and enforced upon the same principles as those governing that part of the order relating to Rosemary Rogers. The evidence applicable to the issues is in conflict. It is possible to draw inconsistent inferences from the testimony relating to the motive of the respondent in discharging or refusing to employ Tippitt; but the finding of the Board is supported by evidence, and under the Act such a finding is conclusive. National Labor Relations Board v. Nevada Consolidated Copper Corporation, supra.

■■ The respondent resists the entry of a decree enforcing paragraph 1(c) of the order on the ground that this provision is broader than the issue. This paragraph directs the respondent to cease and desist from "In any other manner interfering with * * * its employees," etc. This identical provision was criticized and condemned by the Supreme Court in National Labor Relations Board v. Express Publishing Company, 312 U.S. 426, 437, 61 S.Ct. 693, 700, 85 L.Ed. 930, and by this court in Wilson & Co. v. National Labor Relations Board, supra, 123 F.2d at page 419. In the Express Publishing Company case, supra, the court said, "To justify an order restraining other violations it must appear that they bear some resemblance to that which the employer has committed or that danger of their commission in the future is to be anticipated from the course of his conduct in the past." There must be some evidence in the record to support the in-

ference that the employer has violated the Act in ways similar to the conduct of which it is found to be guilty, or evidence indicating some danger that it will commit such acts in the future, to justify so broad an injunction. See National Labor Relations Board v. Bradley Lumber Company, supra. Our attention is not called to any evidence of such character in the record before us, and we find none. In the decree to be entered herein paragraph 1(c) will be eliminated.

■ In its brief, but not in its response to the Board's petition for enforcement, the respondent calls attention to its petition for reopening and rehearing filed with the Board on December 28, 1940, in which it alleges that it has complied with the order in part. The Board denied the petition, and respondent urges that this court grant it leave, in accordance with the provisions of § 10(e) of the Act to adduce additional evidence to enable it to show such partial compliance. In denying the request the Board remarked that "our order shall not be construed to require the respondent to take any affirmative action which it has already taken and which is in compliance with the terms of our order." Since the issue presented by the petition and the response involves only the validity of the order, the question of partial compliance subsequent to the hearing before the Board is not material. National Labor Relations Board v. Biles-Coleman Lumber Co., 9 Cir., 96 F.2d 197. To remand the case at this time for the purpose of taking additional evidence to show what has occurred since the hearing would serve only to delay the proceeding and would not contribute to an orderly administration of the Act. The question raised in the brief is one of fact "properly to be resolved by the Board on direct resort to it, or by the court if contempt proceedings are instituted." Southport Petroleum Co. v. National Labor Relations Board, 315 U.S. 100, 106, 62 S.Ct. 452, 456, 86 L.Ed ——.

A decree will be entered enforcing the order as requested except paragraph 1(c) thereof.