## NATIONAL LABOR RELATIONS BOARD v. L. H. HAMEL LEATHER CO.

### No. 3871.

Circuit Court of Appeals, First Circuit.

April 17, 1943.

William J. Isaacson, of Washington, D. C. (Robert B. Watts, Gen. Counsel, Ernest A. Gross, Associate Gen. Counsel, Howard Lichtenstein, Asst. Gen. Counsel, and Sidney L. Davis, Atty., National Labor Relations Board, all of Washington, D. C., of counsel), for petitioner.

John J. Ryan, Jr., of Haverhill, Mass. (Ryan & Cleary, of Haverhill, Mass., of counsel), for respondent.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

PER CURIAM.

The National Labor Relations Board petitions for enforcement of its order against L. H. Hamel Leather Company dated November 26, 1942. National Labor Relations Act, § 10(e), 49 Stat. 454, 29 U.S.C.A. § 160(e).

In his intermediate report the trial examiner found that respondent had been guilty of various acts of interference in October and November, 1940, and in October, 1941, constituting, as the examiner ruled, unfair labor practices under the act. It appears that the International Fur & Leather Workers of the United States and Canada (C.I.O.) filed charges against respondent sometime after the acts of interference in 1940; that after conferences at the Board's regional office in Boston respondent on July 15, 1941, sent out a letter to its employees, the text of which was approved by the regional director, informing them that the supervisory force had been instructed to maintain a "hands-off policy in the matter of labor organization", that no employee of the company would be discriminated against because of his union activities, that it was the intention of the company to comply with the National Labor Relations Act, and that "this letter is sent you in order to dispose of the charges filed against us and at the suggestion of the National Labor Relations Board". Thereupon the union withdrew its charges without prejudice, and respondent was so advised by the regional director. Hence no complaint was issued by the Board at that time. But when the company, in violation of its assurances, renewed its acts of interference in October, 1941, the

72

union again filed charges against it, and the Board. issued its complaint which was the foundation of the present proceedings.

The trial examiner, after making his findings and conclusions of law as aforesaid, recommended that respondent cease and desist from in any manner interfering with, restraining or coercing its employees in the exercise of their right to self-organization, and that respondent post immediately in its plant and maintain for a period of sixty days a notice to its employees stating that respondent would not engage in the conduct from which it had been ordered to cease and desist. Further, the trial examiner recommended that "unless on or before twenty (20) days from the receipt of the Intermediate Report, the respondent notifies said Regional Director in writing that it will comply with the foregoing recommendations, the National Labor Relations Board issue an order requiring the respondent to take the action aforesaid."

Under the Board's Rules and Regulations, Series 2, as amended, Article II, § 32, upon the filing of the intermediate report with the Board "the Board shall enter an order transferring the case to the Board and shall serve copies of the order, setting forth the date of such transfer, upon each of the parties and the Regional Director." Such an order was issued in regular course. Respondent then had thirty days, under § 33, Article II of the Rules and Regulations, within which to file with the Board written exceptions to the intermediate report; "failure to file a statement of exceptions shall operate as a submission of the case to the Board on the record." Respondent filed no such exceptions to the intermediate report, nor did it request permission for an oral argument before the Board, as permitted by the rules. By § 35 of Article II of the Rules and Regulations it is provided that upon the expiration of the period for filing a statement of exceptions to the intermediate report "the Board may decide the matter forthwith upon the record, or after oral argument, or may reopen the record and receive further evidence before a member of the Board or other agent or agency, or may close the case upon compliance with the recommendations of the Intermediate Report, or may make other disposition of the case."

Thereafter, the Board in regular course issued its order, enforcement of which is sought in the pending petition. Respondent was ordered, in the usual form, to cease and desist from interfering with, restraining or coercing its employees in the exercise of their right to self-organization and other rights guaranteed by § 7 of the Act, 29 U.S.C.A. § 157, and to post in its plant the appropriate notice to its employees.

Respondent in its answer to the Board's petition for enforcement, and in its brief and oral argument before us, does not challenge the sufficiency of the evidence to sustain the Board's findings and order issued thereon. It merely urges that the court, in the exercise of its discretionary power, should decline to issue an enforcement decree, asserting that it has complied in every respect with the recommendations of the trial examiner and with the Board's order.

■ We cannot tell from the record before us whether, since the issuance of the intermediate report and since the date of the Board order, respondent has in fact desisted from its illegal course of conduct. In the recent case of National Labor Relations Board v. Clinton E. Hobbs Co., 1 Cir., 1942, 132 F.2d 249, 252, we said, and we now reiterate:

"If the Board's order was proper on the record before it the Board does not have to litigate in this court issues of fact as to whether the employer has complied with the order, as a condition of obtaining an enforcement decree. Southport Petroleum Co. v. National Labor Relations Board, 1942, 315 U.S. 100, 106, 62 S.Ct. 452, 86 L.Ed. 718; National Labor Relations Board v. Pennsylvania Greyhound Lines, Inc., 1938, 303 U.S. 261, 271, 58 S.Ct. 571, 82 L.Ed. 831, 115 A.L.R. 307; National Labor Relations Board v. Swift & Co., 8 Cir., 1942, 129 F.2d 222, 224. See also Consolidated Edison Co. v. National Labor Relations Board, 1938, 305 U.S. 197, 230, 59 S.Ct. 206, 83 L.Ed. 126. This is made abundantly clear by reference to the legislative history of the National Labor Relations Act. See the conference report, H.Rep. No. 1371, 74th Cong., 1st Sess., p. 5."

As noted above, the trial examiner's recommendations imply that the Board should proceed no further with the case if respondent within twenty days from the receipt of the intermediate report should notify the regional director in writing that it would comply with the trial examiner's recommendations. Respondent asserts in its answer to the petition for enforcement that immediately upon receipt of the inter-

mediate report it posted the notice as recommended by the trial examiner and put into effect the latter's recommendations, and so notified the regional director.

The Board is not required to accept the recommendations of the trial examiner. National Labor Relations Board v. Oregon Worsted Co., 9 Cir., 1938, 94 F.2d 671. Notwithstanding the trial examiner's recommendation, the Board might reasonably have concluded, in view of the history of the case, that the posting of another notice by the company piously expressing its intention to abide by the Act was not a sufficient ground for withholding a formal Board order and an application to this court for an enforcement decree upon which contempt proceedings might be instituted in the event of a further recurrence of the unfair labor practices.

Assuming, without deciding, that we have some discretion to decline enforcement of an order lawfully entered by the Board, we find in this case no circumstances which would render it "inequitable"—as asserted by respondent—for us to issue an enforcement decree.

A decree will be entered enforcing the order of the Board.