## NATIONAL LABOR RELATIONS BOARD v. NATIONAL LAUNDRY CO.
### No. 8565.

United States Court of Appeals for the
District of Columbia.
Argued Oct. 4, 1943.
Decided Nov. 1, 1943.

Mr. L. N. D. Wells, Jr., of Washington, D. C., pro hac vice, by special leave of Court, for petitioner. Messrs. Robert B. Watts and Ernest A. Gross, both of Washington, D. C., were on the brief and Mr. Joseph W. Kulkis, of Washington, D. C., entered an appearance for petitioner.

Mr. Louis A. Spiess, of Washington, D. C., for respondent.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

EDGERTON, Associate Justice.

Respondent, the National Laundry Company, has moved to dismiss the petition filed on July 10, 1943, by the National Labor Relations Board (N.L.R.B.), under § 10(e) of the National Labor Relations Act,[1] for enforcement of an order of the Board against the Company.

On July 23, 1942, N.L.R.B. issued a complaint charging the Company with refusal to bargain collectively with the union which had been found to represent a majority of employees. A hearing was held

---

[1] 29 U.S.C.A. § 160(e), 49 Stat. 454.

before an examiner, and on January 19, 1943, N.L.R.B. heard oral argument on exceptions to his report. The present motion to dismiss represents that while N.L.R.B.'s decision was pending, the union invoked the United States Conciliation Service, and that in the latter part of January, 1943, the Conciliation Service certified the dispute to the National War Labor Board (W.L.B.). On February 24, 1943, N.L.R.B. issued its decision and order. It directed the Company to cease and desist from refusing to bargain collectively with the union and from interfering with the employees' right of self-organization. It affirmatively ordered the Company to bargain collectively with the union, upon request, in respect to wages, hours, and other conditions of employment, and to post notices of compliance.

The motion states that W.L.B. appointed a tripartite panel which held hearings on August 5, 1943, and that this panel is now ready to recommend to W.L.B. provisions regarding wages, hours, and other working conditions, to be incorporated in a written agreement between the Company and the union. The Company contends that the decision and order of N.L.R.B. have been "supplanted by the actions of the National War Labor Board."

The issue which the Company seeks to raise is not before the court. We must decide the case on the record certified by N.L.R.B.[2] The record does not contain the facts on which the Company relies. Section 10(e) of the National Labor Relations Act provides means for supplementing the record. Either party may apply to the court for leave to adduce additional evidence, upon a showing that it is material and that there were reasonable grounds for failure to adduce it in the hearing before N.L.R.B.[3] But respondent did not avail itself of "this appropriate procedure." [4]

Moreover, W.L.B. does not supplant N.L.R.B. Congress has directed that decisions of W.L.B. "shall conform to the provisions of * * * the National Labor Relations Act." [5] We have no reason to think that any action of W.L.B. will conflict with the order of N.L.R.B. which is here for enforcement. If W.L.B. directs the Company to make a contract with the union, that direction is likely to result in partial compliance with the N.L.R.B. order, but not in full performance of the various continuing duties which that order purports to impose upon the Company. Partial compliance with an N.L.R.B. order has been held not sufficiently "material" to justify granting an application for leave to adduce additional evidence.[6] In this case the Company has shown no compliance whatever. Even full compliance would not support the motion to dismiss, for "an order of the character made by the Board, lawful when made, does not become moot because it is obeyed or because changing circumstances indicate that the need for it may be less than when made." [7]

Both petitioner and respondent are entitled to a hearing on the merits of the petition for enforcement. The motion to dismiss is denied.

[2] National Labor Relations Board v. Newport News Shipbuilding & Dry Dock Co., 308 U.S. 241, 60 S.Ct. 203, 84 L. Ed. 219; National Labor Relations Board v. Foote Bros. Gear & Machine Co., 311 U.S. 620, 61 S.Ct. 318, 85 L.Ed. 394; National Labor Relations Board v. Sunshine Mining Co., 9 Cir., 110 F.2d 780, certiorari denied, 312 U.S. 678, 61 S.Ct. 447, 85 L.Ed. 1118.

[3] 29 U.S.C.A. § 160(e), 49 Stat. 454.

[4] Consolidated Edison Co. v. National Labor Relations Board, 305 U.S. 197, 226, 59 S.Ct. 206, 215, 83 L.Ed. 126; National Labor Relations Board v. Newport News Shipbuilding & Dry Dock Co., 308 U.S. 241, 250, 60 S.Ct. 203, 84 L.Ed. 219.

[5] War Labor Disputes Act, Pub.L. No. 89, 78th Cong., 1st Sess., June 25, 1943, § 7(a) (2), 50 U.S.C.A. Appendix § 1507(a) (2). Cf. Executive Order No. 9017, Jan. 12, 1942, 7 Fed.Reg. 237, 238.

[6] National Labor Relations Board v. Oregon Worsted Co., 9 Cir., 96 F.2d 193; National Labor Relations Board v. Biles-Coleman Lumber Co., 9 Cir., 96 F.2d 197.

[7] National Labor Relations Board v. Pennsylvania Greyhound Lines, Inc., 303 U.S. 261, 271, 58 S.Ct. 571, 576, 82 L. Ed. 831, 115 A.L.R. 307.