## NATIONAL LABOR RELATIONS BOARD v. FICKETT-BROWN MFG. CO., Inc.

### No. 10833.

Circuit Court of Appeals, Fifth Circuit.

Feb. 8, 1944.

Robert B. Watts, Gen. Counsel, NLRB, Howard Lichtenstein, Asst. Gen. Counsel, NLRB, and John E. Lawyer, Attorney, NLRB, all of Washington, D. C., and Paul E. Kuelthau, Regional Attorney, NLRB, of Atlanta, Ga., for petitioner.

Ralph H. Pharr and Ralph Williams, both of Atlanta, Ga., for respondent.

Before HUTCHESON, McCORD, and LEE, Circuit Judges.

HUTCHESON, Circuit Judge.

The order of the Board, which this proceeding is brought to enforce, was entered after a hearing had been had and an intermediate report filed in accordance with a stipulation that the order should be entered. The respondent opposes the entry of an enforcement decree, not on objections[1] urged before the Board—none were made there—but for reasons wholly collateral to, and without bearing on the entry of a decree. As set out in respondent's answer, these reasons are (1) that the respondent has not violated, and does not intend to violate, the Board's order; (2) that the filing of the petition for enforcement is a part of a scheme and plan entered into between the Board and the Textile Workers' Union to use the decree when obtained to retaliate against respondent for the Union's failure to win a prior election and advance the Union's organizing efforts and its cause in the next election the Board may order.

 That the first ground is without merit is settled by the cases. They all hold that in a proceeding of this kind, it is the validity of the Board's order when made which is in question, and that whether the employer has or has not complied with it is totally irrelevant.[2] The second ground seems to be advanced in an effort to invoke the "clean hands" doctrine, and thus place the Board beyond the pale as to its right to proceed here under Sec. 10(e) for an order of enforcement. The answer under the facts of this case misconceives the scope and purpose of the doctrine it invokes. This doctrine does not purport to search out or deal with the general moral attributes or standing of a litigant. It is not a maxim addressed to "sinners", Harris v. Harris, 208 Ala. 20, 93 So. 841; nor does it comprehend "mere moral infirmities", the reason being that "courts of equity are not primarily engaged in the moral reformation of the individual citizen", 19 Am. Jur., p. 330, Dunscombe v. Amfot Oil Co., 201 Ky. 290, 256 S.W. 427. The wrong which may be invoked to defeat the suit must have an immediate and necessary relation to the equity which the complainant seeks to enforce against the defendant, 19 Am.Jur., p. 328. The rule purports only to deny relief if the granting of the relief asked will, because of the complained of activities of the litigant, produce an illegal or unjust result. The maxim does not reach a case where subsequent to suit brought the complainant has been guilty of engaging, or threatening to engage, in reprehensible conduct, but which does not go to the cause of action, Chute v. Wisconsin Chemical Co., C.C., 185 F. 115. Here, the only result which can follow the granting of the relief asked is, in accordance with a valid statute, to subject the respondent to the jurisdiction of this court and to accountability in contempt if it willfully violates this court's decree. Nothing in the decree sought will authorize or excuse the use of the decree by the Board for improper purposes or in an unwarranted manner. The matters asserted by respondent present at best matters for which it must look for relief to political or other processes than those invoked here. This does not mean that the respondent will be remediless

---

[1] Sec. 10(e) of the act, 29 U.S.C.A. § 160(e), under which this proceeding is brought provides: "No objection that has not been urged before the Board, its member, agent or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances." Cf. Marshall Field & Co. v. National Labor Relations Board, 318 U.S. 253, 63 S.Ct. 585.

[2] National Labor Relations Board v. Pennsylvania Greyhound Lines, Inc., 303 U.S. 261, 58 S.Ct. 571, 82 L.Ed. 831, 115 A.L.R. 307; National Labor Relations Board v. Swift & Co., 8 Cir., 129 F.2d 222; National Labor Relations Board v. Oregon Worsted Co., 9 Cir., 96 F.2d 193; National Labor Relations Board v. L. H. Hamel Leather Co., 1 Cir., 135 F.2d 71.

against employees, or members, of the Board, who falsely or corruptly make use of this court's decree against it. Indeed, we think it may not be doubted that any one who falsely or corruptly uses a decree for the purpose of trumping up contempt charges against persons subject to it would himself be in contempt.

But all of these matters are wholly collateral to the single questio presented here which is, is the Board entitled, on the record before us, to have this court decree enforcement of its order When we look to the order and to the proceedings which resulted in it, we find not only that there was no objection to its entry, but that it was entered upon a stipulation, and that respondent does not at all contest the binding force of its agreement. We think it clear, indeed settled by the authorities,[3] that no defense whatever is shown to the Board's petition, but, on the contrary, it is made clearly to appear that the relief it asks should be granted. Petition granted.

[3] National Labor Relations Board v. Pure Oil Co., 5 Cir., 103 F.2d 497; National Labor Relations Board v. Gerling Mfg. Co., 7 Cir., 103 F.2d 663; National Labor Relations Board v. Hudson Co., 6 Cir., 135 F.2d 380; Pittsburgh Plate Glass Co. v. National Labor Relations Board, 313 U.S. 146, 159, 61 S.Ct. 908, 85 L.Ed. 1251.