329 F.2d 223
 TEXACO, INC., Petitioner,
v.
FEDERAL POWER COMMISSION, Respondent.
TEXACO, INC., et al., Petitioners,
v.
FEDERAL POWER COMMISSION, Respondent,
Public Service Commission of the State of New York, Intervenor.
SUN OIL COMPANY, Petitioner,
v.
FEDERAL POWER COMMISSION, Respondent,
Public Service Commission of the State of New York, Intervenor.
 No. 17608.
 No. 17652.
 No. 17700.
 United States Court of Appeals District of Columbia Circuit.
 Argued March 29, 1963.
 October 17, 1963.
 Decided October 17, 1963.
 
 Mr. Howard E. Wahrenbrock, Solicitor, Federal Power Commission, argued the motion to dismiss for respondent. Mr. Richard A. Solomon, General Counsel, Federal Power Commission, also entered an appearance for respondent.
 Mr. Alfred C. DeCrane, Jr., Houston, Tex., argued in opposition to the motion for petitioners in Nos. 17,608 and 17,652. With him on the opposition to respondent's motion was Mr. James J. Flood, Jr., Houston, Tex., Mr. Edwin S. Nail, Washington, D. C., entered an appearance for petitioner, Amerada Petroleum Corporation in No. 17,652. Mr. Sherman S. Poland, Washington, D. C., entered an appearance for petitioner Skelly Oil Company in No. 17,652.
 Mr. Omar L. Crook, Washington, D. C., argued in opposition to the motion for petitioner in No. 17,700. With him on the opposition to respondent's motion were Messrs. Robert E. May, Washington, D. C., and Edwin M. Cage, Dallas, Tex.
 Mr. Kent H. Brown, Albany, N. Y., and Mrs. Barbara M. Suchow, New York City, entered appearances for intervenor, Public Service Commission of New York in Nos. 17,652 and 17,700.
 Before PRETTYMAN, Senior Circuit Judge, and FAHY and BURGER, Circuit Judges.
 BURGER, Circuit Judge.
 
 
 1
 These cases come before us on the consolidated petitions of Texaco, Inc. (No. 17608), Texaco, Inc. and other corporations and individuals (No. 17652), and Sun Oil Co. (No. 17700) for an order granting leave to adduce additional evidence in a hearing now pending before the respondent, Federal Power Commission. Respondent has moved to dismiss the petitions on the ground that they are premature and that this court lacks jurisdiction to consider them at this time.
 
 
 2
 The issue presented is whether this court has jurisdiction to review, in an interlocutory fashion, the Commission's exclusion of evidence in a hearing in which the Commission has not yet entered its final order.
 
 
 3
 The several petitioners before us are parties to a proceeding before the Federal Power Commission which involves petitioners' and others' applications for certificates of public convenience and necessity under Section 7 of the Natural Gas Act, 15 U.S.C. § 717f. Amerada Petroleum Corp., Docket CI 62-1544. In No. 17608, the petitioner seeks review of the Commission's refusal to reconsider its denial of petitioner's motion under 18 C.F.R. § 1.23 for production of various Commission records. In No. 17652 and No. 17700, the petitioners seek review of the examiner's rulings sustaining Commission motions to strike certain testimony of petitioners' witnesses and exclude certain exhibits and they also seek review of the Commission's denial of a request for interlocutory appeals under 18 C.F.R. § 1.28.
 
 
 4
 Petitioners assert that unless they now apply to this court for leave to adduce additional evidence under Section 19(b) of the Natural Gas Act, 15 U.S.C. § 717r (b), during the pendency of the administrative hearing, i. e., take an interlocutory appeal, that, as they read the controlling law, their right to petition the court later for leave to offer additional evidence may be lost. They rely essentially on Communist Party v. Subversive Activities Control Board, 102 U. S.App.D.C. 395, 403-405, 254 F.2d 314, 322-324 (1958); Same, 107 U.S.App. D.C. 279, 281-282, 277 F.2d 78, 81 (1959), aff'd, 367 U.S. 1, 81 S.Ct. 1357, 6 L.Ed.2d 625 (1961). In its motion to dismiss the petitions, the Federal Power Commission asserts that Section 19(b) of the Natural Gas Act confers jurisdiction on this court to pass on only "orders of a definitive character dealing with the merits of a proceeding before the Commission and resulting from a hearing upon evidence and supported by findings appropriate to the case." Federal Power Commission v. Metropolitan Edison Co., 304 U.S. 375, 384, 58 S.Ct. 963, 967, 82 L.Ed. 1408 (1938). See also, Algonquin Gas Transmission Co. v. Federal Power Commission, 201 F.2d 334, 337-338 (1st Cir. 1953); Texaco, Inc. v. Federal Trade Commission, 301 F.2d 662 (5th Cir.), (per curiam) cert. denied, 371 U.S. 822, 83 S.Ct. 40, 9 L.Ed.2d 62 (1962).
 
 
 5
 Section 19(b) of the Natural Gas Act delineates the jurisdiction of the Courts of Appeals to review certain orders of the Federal Power Commission.
 
 
 6
 "(b) [1] Any party to a proceeding under this chapter aggrieved by an order issued by the Commission in such proceeding may obtain a review of such order * * * in the United States Court of Appeals for the District of Columbia, by filing in such court, within sixty days after the order of the Commission upon the application for rehearing, a written petition praying that the order of the Commission be modified or set aside in whole or in part. [Sentence 2 omitted.] [3] Upon the filing of such petition such court shall have jurisdiction, which upon the filing of the record with it shall be exclusive, to affirm, modify, or set aside such order in whole or in part. [Sentence 4 omitted.] [5] The finding of the Commission as to the facts, if supported by substantial evidence, shall be conclusive. [6] If any party shall apply to the court for leave to adduce additional evidence, and shall show to the satisfaction of the court that such additional evidence is material and that there were reasonable grounds for failure to adduce such evidence in the proceedings before the Commission, the court may order such additional evidence to be taken before the Commission and to be adduced upon the hearing in such manner and upon such terms and conditions as to the court may seem proper. [7] The Commission may modify its findings as to the facts by reason of the additional evidence so taken * * *. [Sentence 8 omitted.]"
 
 
 7
 This statutory provision has virtually identical counterparts in the various statutes regulating judicial review of numerous other federal regulatory agencies. See Appendix.
 
 
 8
 Petitioners assert that sentence [6] of Section 19(b) of the Natural Gas Act, supra, authorizes this court to review evidentiary rulings of the Commission in an interlocutory manner independent of the jurisdiction provided in sentences [1] and [3] of Section 19(b). Petitioners rely primarily on this court's opinions in Communist Party supra, which construed a similar statutory provision, i. e., Section 14(a) of the Subversive Activities Control Act, 50 U.S.C. § 793(a). Judge Prettyman, writing for the court in those cases, said:
 
 
 9
 "As we read the opinion and decision in the Consolidated Edison case [Consolidated Edison Co. v. National Labor Relations Board, 305 U.S. 198, 59 S.Ct. 206, 83 L.Ed. 126 (1938)] it means that, when proffered evidence is denied receipt by the trial tribunal in a case in which a statute similar to Section 10(e) of the National Labor Relations Act [29 U.S.C. § 160(e)] applies, the profferor must apply to the appropriate United States Court of Appeals for permission to adduce the additional evidence; if he fails so to move he cannot successfully present the point on appeal." 102 U.S.App. D.C. at 404, 254 F.2d at 323. (Footnote omitted).
 
 
 10
 The legal significance of this language as precedent is better understood when it is put in the context of the history of the Communist Party litigation. The evidence with which the court was concerned there was the so-called "Gitlow memoranda." The first time the Party case was before this court, we affirmed the order of the Control Board. 96 U.S. App.D.C. 66, 223 F.2d 531 (1954). At no time prior to that decision by this court did the Communist Party petition this court for leave to proffer the Gitlow memoranda either in an interlocutory fashion or by way of a petition ancillary to the general petition to review the final order of the Control Board. Our decision was reversed by the Supreme Court and the case was remanded to the Control Board. 351 U.S. 115, 76 S.Ct. 663, 100 L.Ed. 1003 (1956). Subsequently we reviewed the Control Board's new order and remanded the case. The language quoted above is found in that second decision by this court. 102 U.S. App.D.C. 395, 254 F.2d 314 (1958). At the time of this court's second decision, the Communist Party had not petitioned this court for leave to adduce the memoranda. After this court's second decision the Communist Party filed its petition for leave to adduce the memoranda, and the petition was denied.
 
 
 11
 When the case returned here a third time, we held the Party could not raise the issue relating to the Gitlow memoranda because that issue had been decided against them on the second appeal and their failure to petition this court for leave to proffer the evidence prior to that decision could not be cured nunc pro tunc by their subsequent petition. 107 U.S.App.D.C. at 282, 277 F.2d at 81. On the third appeal we affirmed the Control Board's order and our decision was affirmed by the Supreme Court. 367 U.S. 1, 81 S.Ct. 1357, 6 L.Ed.2d 625 (1961). The Supreme Court explicitly refrained from deciding the applicability of the Consolidated Edison case to the Communist Party case. 367 U.S. at 30, 81 S.Ct. at 1376, 6 L.Ed.2d 625. This court's ruling on the Gitlow memoranda was sustained on another ground, namely that the Party's failure to raise the issue on its first appeal in the Supreme Court [351 U.S. 115, 76 S.Ct. 663, 100 L.Ed. 1003 (1956)] precluded it from raising the point on the second appeal. 367 U.S. at 30-32, 81 S.Ct. at 1376, 6 L.Ed.2d 625.
 
 
 12
 The language and holding of this court in the second Communist Party appeal, when considered in light of the facts of that litigation and the Consolidated Edison case, is not to be read as standing for the proposition that a party whose proffer of evidence is rejected in an administrative hearing must then take an interlocutory appeal from the examiner's ruling or forever forego the opportunity of judicial review of that ruling. In the Communist Party litigation, the Communist Party failed to petition this court for leave to adduce the memoranda prior to this court's first review of the Board's order, 96 U.S.App. D.C. 66, 223 F.2d 531 (1954), and the second review, 102 U.S.App.D.C. 395, 254 F.2d 314 (1958). Therefore, when the case came here the second time, the Party was in the position of having failed to raise the issue of the Gitlow memoranda because it had not sought leave of this court to adduce that evidence when it could have done so under its original petition for review.
 
 
 13
 This interpretation of the opinions in the second and third Communist Party appeals in this court is consistent with the Supreme Court's holding in Consolidated Edison Co. v. National Labor Relations Board, 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126 (1938), and in keeping with sound concepts of orderly procedure of appellate review. In Consolidated Edison, the National Labor Relations Board had excluded certain testimony which was offered on behalf of the employer in the course of the Board's proceedings. On petition to review the Board's final order on the merits, the Court of Appeals for the Second Circuit held that the exclusion of the evidence was arbitrary but it did not remand to the Board for the taking of additional evidence because the petitioner had not petitioned the court for leave to adduce the excluded evidence. The opinion of that court noted:
 
 
 14
 "However, the petitioners have not applied to this court for the taking of additional evidence, as they might under section 10(e), 29 U.S.C.A. § 160(e)." 95 F.2d 390, 397 (2d Cir. 1938).
 
 
 15
 The holding of the Second Circuit was sustained by the Supreme Court. 305 U.S. 197, 226, 59 S.Ct. 206, 83 L.Ed. 126 (1938). In neither the opinion of the Court of Appeals nor the Supreme Court is there any mention of the appropriate time to petition a court of appeals for leave to adduce evidence rejected by the Board. The Supreme Court did not say that that part of Section 10(e) of the National Labor Relations Act, which provides for petitions to adduce evidence, gave jurisdiction to the Courts of Appeals independent of the first sentence of the section which provides for appellate review of final orders on the merits.
 
 
 16
 Although the opinion is not free from ambiguity on this score, it should not be read as sanctioning interlocutory appeals to review rulings on exclusion of evidence; rather it should be read as saying that when a party petitions a court of appeals to review a final order of the Board on the merits, under the first sentence of Section 10(e), and fails at that stage to request leave to adduce the evidence, the court need not sua sponte remand the case for the taking of the additional evidence. See Pittsburgh Plate Glass Co. v. National Labor Relations Board, 313 U.S. 146, 154-56, 61 S.Ct. 908, 85 L.Ed. 1251 (1941).
 
 
 17
 The provision in the several statutes (e.g., sentence [6] in Section 19(b) of the Natural Gas Act) which provides for petitions to adduce evidence is not a basis of jurisdiction independent of the first sentences; rather it provides in effect a rule of pleading in the Court of Appeals.[1] If the court rules on the petition favorably prior to argument of the petition to review the final order on the merits, it may remand at that time and eliminate the waste involved in briefing and arguing the case on the merits before the entire administrative record is made.
 
 
 18
 An independent reading of Section 19(b) of the Natural Gas Act reveals that this court's power to require the Commission to take additional evidence to supplement the record of a hearing is a corollary of the preceding sentence in the statute which provides that the Commission's findings of fact shall be conclusive if supported by substantial evidence. When read together the two sentences of the section demonstrate that the Courts of Appeals must sustain the Board's finding of fact against a challenge if the record contains substantial evidence in support; but the court may not sustain the findings of fact in the face of a petitioner's valid and timely contention that the Commission wrongfully excluded material, non-cumulative evidence. Wheeler v. National Labor Relations Board, 114 U.S.App.D.C. 255, 314 F.2d 260 (1963). Compare Universal Camera Corp. v. National Labor Relations Board, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951), with International Brotherhood of Operative Potters v. National Labor Relations Board, 11 U.S. App.D.C. 35, 320 F.2d 757, (1963). See National Labor Relations Board v. National Laundry Co., 78 U.S.App.D.C. 184, 138 F.2d 589 (1943).
 
 
 19
 In Wheeler v. National Labor Relations Board, supra, we remanded a case to the Labor Board to allow the petitioner to adduce material evidence which we found to have been wrongfully excluded by the hearing examiner, that precise point having been raised by petitioner. The petitioner did not petition this court in an interlocutory manner for leave to adduce the evidence, but rather raised the point on review after the Board's final order. We considered the petition properly timed and decided the issue in petitioner's favor, remanding so that the excluded evidence could be received.
 
 
 20
 There would seem to be no escape from a holding that the petitions for leave to adduce additional evidence are premature. In the first place, none of the parties may be aggrieved by the Commission's final order. Again, if any of them think otherwise, they may under 15 U.S.C. § 717r(a) "apply for a rehearing within thirty days after the issuance of such order." The several rulings now complained of may be challenged, and so far as we know the Commission may then rule favorably to the several petitioners. If not, or if rehearing be denied, the jurisdictional prerequisite to a review of "any order of the Commission" will then have been satisfied. Thereupon, further proceedings may follow as provided in § 717r(b), and the rights of the parties may be fully considered by this court.
 
 
 21
 In short, the appropriate time to petition this court for leave to adduce additional evidence under Section 19(b) of the Natural Gas Act is after this court has jurisdiction over a final order of the Commission on the merits, pursuant to sentences [1] and [3] of Section 19(b).
 
 
 22
 The several petitions to adduce evidence are dismissed without prejudice to their renewal in conjunction with a petition to review the Commission's final order on the merits.
 
 
 23
 So ordered.
 
 APPENDIX
 
 24
 
 Statutes Similar to Section 19(b) of the Natural Gas Act
 
 
 Atomic Energy Commission:
 Hobbs Act, 5 U.S.C. § 1037(c)
 Attorney-General:
 
 25
 Settlement of International Claims Act, 22 U.S.C. § 1631g(f)*
 
 Civil Aeronautics Board:
 Antitrust Act, 15 U.S.C. § 21
 Detention Review Board
 
 26
 Emergency Detention Act, 50 U.S.C. § 821 (d)
 
 Federal Communications Commission:
 Antitrust Act, 15 U.S.C. § 21
 Hobbs Act, 5 U.S.C. § 1037(c)
 Federal Power Commission:
 Federal Power Act, 16 U.S.C. § 8251 (b)
 Federal Reserve Board:
 Antitrust Act, 15 U.S.C. § 21
 Federal Trade Commission:
 
 27
 Federal Trade Commission Act, 15 U. S.C. § 45(c)
 
 Antitrust Act, 15 U.S.C. § 21
 Interstate Commerce Commission:
 Antitrust Act, 15 U.S.C. § 21
 Maritime Administration:
 Hobbs Act, 5 U.S.C. § 1037(c)
 National Labor Relations Board:
 
 28
 National Labor Relations Act, 29 U.S. C. § 160(e, f)
 
 Railroad Retirement Board:
 
 29
 Railroad Unemployment Insurance Act, 45 U.S.C. § 355(f)
 
 Secretary of Agriculture:
 
 30
 Packers and Stockyards Act, 7 U.S.C. § 194 (f)
 
 Federal Seed Act, 7 U.S.C. § 1600
 
 31
 Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 346a(i) (4)
 
 Hobbs Act, 5 U.S.C. § 1037(c)
 Secretary of Commerce:
 Hobbs Act, 5 U.S.C. § 1037(c)
 
 32
 Secretary of Health, Education and Welfare:
 
 
 33
 Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 346a(i) (4), 348(g) (4), 355(h), 371(f) (2)
 
 Secretary of Labor:
 
 34
 Fair Labor Standards Act, 29 U.S.C. § 210(a)
 
 Secretary of Treasury:
 
 35
 Federal Alcohol Administration Act, 27 U.S.C. § 204(h)
 
 
 36
 Revocation of Customhouse Brokers' Licenses, 19 U.S.C. § 1641(b)
 
 Securities and Exchange Commission:
 Securities Act, 15 U.S.C. § 77i(a)
 
 37
 Securities Exchanges Act, 15 U.S.C. § 78y(a)
 
 
 38
 Public Utility Holding Company Act, 15 U.S.C. § 79x(a)
 
 
 39
 Investment Companies Act, 15 U.S.C. §§ 80a-42(a), 80b-13(a)
 
 Subversive Activities Control Board:
 
 40
 Subversive Activities Control Act, 50 U.S.C. § 793(a)
 
 Surgeon General:
 
 41
 The Public Health Service Act, 42 U.S. C. § 291j(b) (2)*
 
 United States Maritime Commission:
 Hobbs Act, 5 U.S.C. § 1037(c)
 United States Tariff Commission:
 Tariff Act of 1930, 19 U.S.C. § 1337 (c)
 
 42
 Washington Metropolitan Area Transit Commission:
 
 
 43
 Compact for Mass Transportation (Washington, D.C., Maryland, Virginia.)
 
 
 
 Notes:
 
 
 [1]
 This interpretation of theCommunist Party and Consolidated Edison cases is consistent with the Supreme Court's pronouncement in National Labor Relations Board v. Donnelly Garment Co., 330 U.S. 219, 234-235, 67 S.Ct. 756, 764, 91 L.Ed. 854 (1947): "The power to adduce additional evidence granted to the Circuit Court of Appeals by § 10(e) [of the National Labor Relations Act] cannot be employed to enlarge the statutory scope of judicial review."
 
 
 *
 Variant
 
 
 
 44
 FAHY, Circuit Judge (concurs in the result).
 
 
 45
 I agree that Section 19(b) of the Natural Gas Act does not authorize this court to review evidentiary rulings of the Commission in an interlocutory manner independent of the provisions of that section governing the jurisdiction of this court. Cf. Pan American Petroleum Corp. v. Federal Power Commission et al., 116 U.S.App.D.C. 249, 322 F.2d 999 (1963). I do not read Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126 (1938), decided under the provisions governing review of orders of the Labor Board, as in any manner inconsistent with this position.
 
 
 46
 PRETTYMAN, Senior Circuit Judge (dissenting).
 
 
 47
 I agree with my brethren that the granting at this stage of the proceedings of the petitions for leave to adduce additional evidence before the Commission would have several unfortunate results in relation to or affecting administrative procedure. But it seems to me that we are bound by the ruling of the Supreme Court in the Consolidated Edison case.[1] That case involved a petition to review an order of the National Labor Relations Board. In the course of the hearing before the Board the companies, which were the respondents, proffered the testimony of two witnesses, and the hearing examiner rejected the proffer. Before the Court of Appeals the companies contended that this rejection deprived the hearing of its necessary fairness. The contention was pressed in the Supreme Court. That Court said:
 
 
 48
 "We agree with the Court of Appeals that the refusal to receive the testimony was unreasonable and arbitrary. Assuming, as the Board contends, that it had a discretionary control over the conduct of the proceeding, we cannot but regard this action as an abuse of discretion. But the statute did not leave the petitioners without remedy. The court below pointed to that remedy, that is, to apply to the Court of Appeals for leave to adduce the additional evidence; on such an application and a showing of reasonable grounds the court could have ordered it to be taken. § 10(e) (f).[5] Petitioners did not avail themselves of this appropriate procedure."
 
 
 49
 "5. 29 U.S.C. 160(e) (f)[2]
 
 
 50
 The Court declined to sustain the point.
 
 
 51
 When the Communist Party case was before us,[3] the point was made by the Party that the Board had denied production of certain memoranda to which the Party claimed it was entitled under the Jencks doctrine. In a memorandum filed in this court by the Board on August 2, 1957, and signed by its General Counsel, its Assistant General Counsel, and an attorney from the Department of Justice, one heading was:
 
 
 52
 
 "Petitioner has waived its claim of error by failing to use the exclusive statutory remedy under section 14(a)"
 
 
 
 53
 (Section 14(a) of the Subversive Activities Control Act corresponds to Section 10(e) (f) of the National Labor Relations Act and to Section 19(b) of the Natural Gas Act,[4] relating to adducing additional evidence.) In its argument under the foregoing heading the Government said:
 
 
 54
 "Assuming, arguendo, that the failure to order production of the documents in question was error, petitioner is barred from relief because it has failed to invoke its statutory remedy, section 14(a) of the Act. Substantially the same provision in the National Labor Relations Act (29 U.S.C. 160(e)) and the Federal Trade Commission Act (15 U. S.C. 45(e)) has been held to be an exclusive remedy under circumstances analogous to those here presented. The Supreme Court and several circuits have so held. Not having invoked it, petitioner is now precluded from doing so."
 
 
 55
 The Government then discussed the Consolidated Edison case and named nine cases in which it said Circuit Courts of Appeals had so construed the Consolidated Edison case. The Government said that the petitioner's request in that case for production of the documents fitted squarely into the purposes of the procedure set forth in the statutory provisions mentioned. The Government said, "Petitioner is, therefore, barred from the relief sought on the document questions under Consolidated Edison, and the other cases cited, supra, to the same effect." We agreed with the argument thus made by the Government and so construed the Consolidated Edison case in our opinion in the Communist Party case.[5] In so doing we pointed to the apparent results of the ruling and said: "There is much force to these various suggestions, and perhaps we misconstrue the opinion of the Supreme Court. But we are bound by the opinion as we read it."
 
 
 56
 Upon reexamination of the question and a re-reading of the cases cited, I am still of the same opinion. It seems to me that the Supreme Court said quite clearly that if proffered evidence is rejected the profferor has an exclusive remedy, which is a motion in the Court of Appeals for leave to adduce the evidence, and if he does not make that motion he cannot raise the point upon a petition to review the final order. In saying that the profferor of the evidence must make such a motion in the Court of Appeals, it seems to me that the Court must have meant that the Court of Appeals must pass upon the motion; it does not seem to me that the Court could have meant that the profferor should merely file the motion as an empty gesture for the record. This latter is the effect of the contention now made to us by the Commission. Its contention is that the motion to adduce additional evidence can only be made when there is both a final agency order and a petition to review that order filed in the Court of Appeals. The motion should then be made to the court, prior to submission of the case on the merits, the court to dispose of the motion either at that point or in reviewing the order of which review is sought. But, absent the specific motion following a petition to review the final agency order, and prior to submission of the case, the profferor of rejected evidence is forever precluded from raising the issue of the admissibility of that evidence. This suggestion on the part of the Commission seems to me to be the suggestion of a wholly meaningless gesture on the part of the profferor of rejected evidence, and I do not think the Supreme Court meant that it was necessary for such an empty gesture to be made. To say that a motion to adduce the evidence must be made to the Court of Appeals, that such a motion can be made only after a final order is entered by the Commission and a petition to review has been filed, but that the point cannot be part of the petition to review and cannot be argued unless a separate motion has been made in such manner and at such time, makes no sense to me.
 
 
 57
 Since I am writing for myself alone, I feel free to say that I hope the Supreme Court will agree with my brethren and will conclude that I misconstrue the opinion in the Consolidated Edison case.
 
 
 
 Notes:
 
 
 [1]
 Consolidated Edison Co. v. National Labor Relations Board, 305 U.S. 197, 59 S. Ct. 206, 83 L.Ed. 126 (1938)
 
 
 [2]
 Id. at 226
 
 
 [3]
 Communist Party of the United States v. Subversive Activities Control Board, 102 U.S.App.D.C. 395, 254 F.2d 314 (1958)
 
 
 [4]
 52 Stat. 831 (1938), as amended, 15 U.S.C. § 717r(b)
 
 
 [5]
 Supra note 3, 102 U.S.App.D.C. at 403-404, 254 F.2d at 322-323.