## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## UPLAND FREIGHT LINES, INC., Respondent.

No. 74–1787.

United States Court of Appeals, Ninth Circuit.

Jan. 7, 1976.

John D. Burgoyne, NLRB, Washington, D. C., for petitioner.

Edward B. Robin, Robin & Cohen, Los Angeles, Cal., for respondent.

OPINION

Before MERRILL, WRIGHT and CHOY, Circuit Judges.

PER CURIAM:

The Board has applied for enforcement of its order [1] issued against Upland Freight Lines (Upland) for violation of section 8(a)(1) of the National Labor Relations Act (engaging in coercive interrogation of, threats of reprisals against, and promise and grant of benefits to employees for their union activities); also for violation of sections 8(a)(3) and (1) of the Act in discharging employees Rosenogle and Dressler. Upland asserts it has complied or will comply with all provisions of the Board's order except that requiring reinstatement of Rosenogle with back pay.

Upland's compliance or intention to comply with most of the order does not affect the Board's petition for enforcement. *National Labor Relations Board v. Pennsylvania Greyhound Lines*, 303 U.S. 261, 271, 58 S.Ct. 571, 82 L.Ed. 831 (1937). *See NLRB v. Lettie Lee, Inc.*, 140 F.2d 243 (9th Cir. 1944); *NLRB v. L. H. Hamel Leather Co.*, 135 F.2d 71 (1st Cir. 1943).

We find that substantial evidence on the record considered as a whole supports the findings of the Board. Its order in full will be

Enforced.

1. The Board's decision and order are reported at 209 NLRB No. 36.